IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AMERICAN GUARANTEE AND** | ) | |
| **LIABILITY INSURANCE COMPANY** | ) | |
| One Liberty Plaza | ) | |
| 165 Broadway | ) | |
| 53rd Floor | ) | |
| New York, New York 10006 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: _____ |
| | ) | |
| **BAPTISTE & WILDER, P.C.,** | ) | |
| Registered Agent:  Susan Boyle | ) | |
| 1150 Connecticut Ave., NW | ) | |
| Suite 500 | ) | |
| Washington, D.C.  20036 | ) | |
| | ) | |
| **ROBERT M. BAPTISTE**, | ) | |
| 1150 Connecticut Ave., NW | ) | |
| Suite 500 | ) | |
| Washington, D.C.  20036 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **PATRICK J. SZYMANSKI,** | ) | |
| The International Brotherhood | ) | |
| of Teamsters | ) | |
| 25 Louisiana Ave., N.W. | ) | |
| Washington, D.C.  20001 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiff American

Guarantee and Liability Insurance Company ("American Guarantee") files this, its complaint for

declaratory relief, and alleges as follows:

1.      In this action, American Guarantee seeks a declaration of its rights and duties with respect to coverage issues under a lawyers professional liability insurance policy issued to Defendant Baptiste & Wilder, P.C. ("Baptiste & Wilder" or the "Insured").

## PARTIES

2.      Plaintiff American Guarantee is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 53rd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in the District of Columbia.

3.      Defendant Baptiste & Wilder is a professional corporation, organized and existing under the laws of the District of Columbia, with its principal place of business at 1150 Connecticut Avenue, NW, Suite 500, Washington, D.C.  20036.

4.      On information and belief, Defendant Robert M. Baptiste ("Baptiste") is an individual attorney residing at 7 Grafton Street, Chevy Chase, Maryland 20815 and a business address of 1150 Connecticut Avenue, N.W., Suite 500, Washington, D.C.  20036.  This Court has jurisdiction over Baptiste and venue is proper in this Court.

5.      On information and belief, Patrick J. Szymanksi ("Szymanski") is an individual attorney residing at 3724 4th Street, Arlington, Virginia and a business address of 1150 Connecticut Avenue, N.W., Suite 500, Washington, D.C.  20036.  This Court has jurisdiction over Szymanski and venue is proper in this Court.

## JURISDICTION AND VENUE

6.      This action is between citizens of different states and there is complete diversity of citizenship between all plaintiffs and all defendants.

-2-

1869204v1

7.      This controversy involves coverage under a legal malpractice insurance policy with a $4 million limit of liability in the aggregate for claims seeking an amount in excess of $75,000.  Accordingly, the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  Thus, this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

8.      Venue is properly laid in this Court pursuant to 28 U.S.C. §1391(a) because the insurance policy that is the subject of this action was delivered in this judicial district and a substantial part of the events or omissions giving rise to the claims for which the Insured seeks coverage occurred in this judicial district.

## BACKGROUND FACTS

**I.      The Claim Against the Insureds in the Underlying Complaint.**

9.      American Guarantee received notice of a complaint filed on October 1, 2004 (the "Underlying Complaint") by Martha J. Lockwood (the "Claimant") against Baptiste & Wilder, Baptiste, and Szymanski (collectively, the "Insureds").   A true and correct copy of the Underlying Complaint is attached hereto as Exhibit 1.

10.     In the Underlying Complaint, the Claimant alleges that she was discharged from her employment position in September 1995.  She retained Baptiste & Wilder to represent her in an arbitration against her employer for a contract claim for lost wages, benefits and severance pay arising from her discharge.  (See Exh. 1, ¶¶ 7-8).

11.     Sometime in 1995 or 1996, the Insureds advised the Claimant to also consider filing a civil lawsuit against the principals of her employer for defamation, wrongful discharge, intentional interference with the Claimant's employment contract, and intentional infliction of emotional distress.  (Id. at ¶9).

1869204v1

12.     As a result, on or about September 20, 1996, the Insured, acting through Szymanski, filed a complaint on the Claimant's behalf in the Superior Court of the District of Columbia.  The complaint demanded judgment against the Claimant's former employer in the amount of $1.5 million dollars. (Id. at ¶10).

13.     The Claimant alleges that Baptiste advised the Claimant that her civil case was very strong, and she could expect to recover at least $1 million dollars.  (Id. at ¶11).

14.     After late 1996, the Claimant did not hear anything concerning her case from the Insureds.  However, she did have conversations with Szymanski regarding the arbitration and other matters in 1997 and 1999, but the civil lawsuit was never discussed.  The Claimant alleges that the last time the case was discussed was in late 1996 when Szymanksi advised the Claimant that both defendants had been served with process.  (Id. at ¶12, 16).

15.     In January 2002, the Claimant began making inquiries regarding the status of her lawsuit.  She tried to contact the Insureds by telephone and wrote four letters to them asking for information about the case.  The Insureds never responded.  (Id. at ¶13).

16.     About one year later, the Claimant visited the clerk's office of the Superior Court of the District of Columbia and asked to review her file.  The Claimant discovered that her case was dismissed on December 12, 1996 for failure to file an affidavit evidencing service on the defendants within the time allowed by the Superior Court rules.  By this time, the statute of limitations for her case had long expired.  (Id. at ¶14-15).

17.     The Underlying Complaint alleges that the Insureds breached their duty of care by failing to file the requisite affidavit, by failing to take steps to reinstate the lawsuit, by failing to file a new lawsuit before the expiration of the applicable statute of limitations, and by failing to notify the Claimant that her case had been dismissed in time for her to file the lawsuit again.  The

-4-

Claimant seeks $1.5 million in damages, including psychological and emotional distress (the allegations in the Underlying Complaint are referred to herein as the "Claim").

## II.    The Policy.

18.    American Guarantee issued Lawyers Professional Liability No. LPL 4907012-1 to the Insured on a claims made and reported basis for a policy period of November 5, 2003 to November 5, 2004 (the "Policy").   The limit of liability is $4,000,000 for each claim and $4,000,000 in the aggregate, with a $10,000 deductible per claim.  A true and correct copy of the Policy is attached hereto as Exhibit 2.

19.    The Insureds seek a defense and indemnity for the Claim under the Policy.

20.    American Guarantee has initially agreed to provide the Insured a defense against the Claim subject to a full and complete reservation of rights as to both the duty to defend and the duty to indemnify.

21.    The Insureds dispute American Guarantee's coverage opinion and contend that the Claim is covered.  There is, therefore, an actual controversy between the parties as to the existence of coverage for the Claim.

## COUNT I – DUTY TO DEFEND

22.    American Guarantee incorporates its allegations of Paragraphs 1 though 21 herein by reference.

23.    American Guarantee has no duty to defend against the Claim because the Claim is not covered pursuant to the following terms of the Policy:

## I.    The Claim Is Not Covered Under the Policy Because the Insureds Had Prior Knowledge of the Claim.

24.    The Policy does not provide coverage for acts or omissions occurring prior to the policy period when the insured, prior to the inception of the first policy issued by American

1869204v1

Guarantee, had "any reasonable basis 1) *to believe that any Insured had breached a professional duty*, or 2) *to foresee that any such act or omission or Related Act or Omission might reasonably be expected to be the basis of a Claim against any Insured*." (Exh. 2, Policy, Section I, A) (emphasis added).

25.    As the Policy is a renewal, the first Policy issued by American Guarantee incepted on November 5, 2002.  When the Underlying Complaint was dismissed in December 1996, the Insureds had a reasonable basis to believe that they had breached a professional duty by failing to file the appropriate service affidavit with the court.

26.    Additionally, beginning in January 2002, the Claimant sent letters to the Insureds and left several telephone messages regarding the status of her lawsuit.  At least by the time of the Claimant's inquiries, the Insureds should have realized that the lawsuit was dismissed in 1996 and that they failed to timely re-file the lawsuit.  A true and correct copy of the letters from the Claimant to the Insureds are attached hereto as Exhibit 3.

27.    At the very latest, the Insureds should have anticipated a claim by the time of the Claimant's letter dated July 15, 2002 addressed to Baptiste.  Certainly, in that letter, the Claimant expressed her great concern that her civil case "will never come to justice" and expressed her concern that she had not heard back from the Insureds regarding her case.  (See Exh. 3).

28.    From these facts, it appears that the Claimant was disconcerted by the Insureds' failure to respond to her telephone calls or letters.  Accordingly, the Insureds had a reasonable basis to anticipate a claim in light of the Claimant's inquiries, regardless of whether the Insureds believed such a claim had merit.

29.    Consequently, because the Insureds had a reasonable basis to foresee that they breached a professional duty or that their acts or omissions might be the basis of a claim prior to

1869204v1

the inception of the Policy, American Guarantee has no obligation to provide a defense to the

Insureds as the Policy does not provide coverage for the Claim.

**II.    The Policy Does Not Cover the Claim Against Szymanski.**

30.    The Policy contains a Deletion of Lawyers Endorsement which deletes Szymanski

as an insured under the Policy effective February 29, 2004.  (See Exh. 2).

31.    Szymanski is individually named as a defendant in the Underlying Complaint.

32.    Accordingly, American Guarantee has no obligation to provide Szymanski a

defense, and any judgment against Szymanski is not covered by the Policy.

## COUNT II – DUTY TO INDEMNIFY

33.    American Guarantee incorporates its allegations of Paragraphs 1 through 32

herein by reference.

34.    The Policy only provides indemnity if the actual facts establish a covered claim.

Accordingly, to the extent that a claimant actually recovers a judgment based on facts which

establish non-coverage under any of the provisions quoted above, American Guarantee has no

obligation to indemnify the Insureds in connection with the Claim.

35.    In addition to the provisions quoted above, the following terms limit or eliminate

any duty to indemnify:

**I.    The Claim May Not be Seeking "Damages" Covered by the Policy.**

36.    The Claim may not be seeking "Damages" covered by the Policy.  The Insuring

Agreement states that the Policy will cover only those sums which the Insured shall become

legally obligated to pay as "Damages," as that term is defined under the Policy.  That definition

states:

1869204v1

> Damages means a monetary portion of any judgment, award or settlement, provided such settlement is negotiated with the assistance and approval of the Company.  Damages do not include:
>
> 1.     compensation for bodily injury to, sickness, disease, death of any person, emotional distress or other emotional judgments or awards;
>
> . . .

(Exh. 2, VI(E)).

37.     The Complaint alleges that the Claimant suffered psychological and emotional distress as a result of the Insureds' actions.  Any such recovery would not fall within the definition of damages under Section VI(E)(1) of the Policy.

38.     Accordingly, to the extent that actual facts establish liability for the Claimant's emotional distress as a result of the Insureds' actions, American Guarantee has no obligation to indemnify the Insureds for such liability.

WHEREFORE, American Guarantee respectfully prays that:

(a)     This Court issue a declaratory judgment that American Guarantee has no duty to defend the Insureds against the Claim;

(b)     This Court issue a declaratory judgment that American Guarantee has no duty to indemnify the Insureds for any judgment issued or settlement entered into in connection with the Claim;

(c)     This Court award American Guarantee its costs incurred in pursing this action, including reasonable attorneys fees; and

(d)     This Court grant American Guarantee such other and further relief as may be just and proper under the circumstances of this case.

Respectfully submitted this ___ day of October, 2005.

1869204v1

-9-

CARR MALONEY P.C.


By:  William J. Carter   /s/_____
William J. Carter, 329637
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)


Attorneys for American Guarantee and
Liability Insurance Company

1869204v1