SUPERIOR COURT OF THE DISTRICT OF COLUMBIA 
Civil Division

MARTHA J. LOCKWOOD )
3420 16th Street, N.W. )
Washington, D.C. 200010 )
)
Plaintiff )
)
v. )
)
ROBERT M. BAPTISTE )
1150 Connecticut Avenue, N.W. )
Suite 500 )
Washington, D.C. 20036 )
)
and )    Civil Action No.
)
PATRICK J. SZYMANSKI )
1150 Connecticut Avenue, N.W. )
Suite 500 )
Washington, D.C. 20036 )
)
and )
)
BAPTISTE & WILDER, P.C. )
A Professional Corporation )
1150 Connecticut Avenue, N.W. )
Suite 500 )
Washington, D.C. 20036 )
)
Defendants )

04-0007861

FILED
CIVIL ACTIONS BRANCH
OCT 0 1 2004
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT
### (Legal Malpractice)

Comes now the Plaintiff, Martha J. Lockwood, by her undersigned counsel, and

for her Complaint against the Defendants, Robert M. Baptiste, Patrick J. Szymanski and

the law firm of Baptiste & Wilder, P.C., states as follows:

1

1. Plaintiff is an adult resident of the District of Columbia.

2. Defendant Robert M. Baptiste ("Baptiste") is an attorney admitted to practice in the District of Columbia, and at all relevant times he was employed by Defendant Baptiste & Wilder, P.C., which had offices located in the District of Columbia.

3. Defendant Patrick J. Szymanski ("Szymanski") is an attorney admitted to practice in the District of Columbia, and at all relevant times he was employed by Defendant Baptiste & Wilder, P.C., which had offices located in the District of Columbia.

4. Defendant Baptiste & Wilder, P.C. is a professional corporation organized under the laws of the District of Columbia, with attorneys and offices located in the District of Columbia.

5. Subject matter jurisdiction of this Court is founded upon District of Columbia Code Section 11-921, *et seq.*

## STATEMENT OF RELEVANT FACTS

6. In or about 1995, Plaintiff was employed as Executive Vice President of the Association of Telemessaging Services, Inc. (hereinafter "ATSI"), a trade association for the answering service industry. At all relevant times, Plaintiff's offices with ATSI were located in the District of Columbia.

7. In or about 1995, Plaintiff retained Defendant Baptiste and his law firm, Defendant Baptiste & Wilder, P.C., to represent her in connection with a labor dispute she was having with her supervisors at ATSI. Defendant Baptiste held himself out to

2

Plaintiff as a specialist in labor law.

8. One of the tasks which Defendants Baptiste and Baptiste & Wilder, P.C. performed for Plaintiff was to represent her in an arbitration before the American Arbitration Association. The arbitration involved Plaintiff's contract claim for lost wages, benefits, reimbursable expenses and severance pay arising from her discharge as Executive Vice President of ATSI on September 20, 1995. Responsibility for the arbitration was assigned by Defendants Baptiste and Baptiste & Wilder, P.C. to Defendant Szymanski. After a hearing, Plaintiff received an arbitration award in her favor from the American Arbitration Association on or about January 10, 1997.

9. In or about late 1995 or 1996, Defendants advised Plaintiff to file a civil lawsuit for damages against W. Paul Robbins, the immediate past president of ATSI, and Clarence Taylor, then President of ATSI. The cause of action recommended was for defamation, based on statements made during a September 18, 1995, teleconference meeting and during a September 22, 1995 meeting in Washington, D.C.; wrongful discharge; intentional interference with Plaintiff's employment contract; and intentional infliction of emotional distress.

10. On or about September 20, 1996, Defendants, acting through Defendant Szymanski, filed a Complaint on behalf of Plaintiff against W. Paul Robbins and Clarence Taylor. The Complaint was filed in the Civil Division of the Superior Court of the District of Columbia and was assigned Civil Action No. 96ca07545. It alleged the torts referred to in the preceding paragraph and demanded judgment against both defendants, jointly and severally, in the total amount of $1,500,000, including $500,000

3

in compensatory damages and $1,000,000 in punitive damages.

11. At the time the suit was filed, Defendant Szymanski advised Plaintiff that it would take between five and seven years to get to trial. He did not discuss with Plaintiff what intermediate steps, such as discovery or mediation, would be required. In another conversation, Defendant Baptiste advised Plaintiff that she had a strong case against Robbins and Taylor and that she could expect to recover at least $1,000,000.00.

12. After late 1996, Plaintiff heard nothing further from Defendants about her case. Between 1996 and 2002, she experienced a number of adverse circumstances in her life, including inability to find new employment, two hip replacements resulting from an automobile accident, bankruptcy, loss of the home she had owned since 1984, and the protracted illnesses of her parents and death of her father. Due to these circumstances, as well as Defendant Szymanski's representation that the case would not be heard for five to seven years, Plaintiff did not make any efforts during this period to ascertain the status of the litigation. She did have conversations with Defendant Szymanski about the arbitration and other matters in 1997 and 1999, but no mention was made about the lawsuit against Robbins and Taylor.

13. In or about January of 2002, Plaintiff began making inquiries of Defendants as to the status of her lawsuit against Messrs. Robbins and Taylor. She tried to reach Defendants by telephone and, failing that, wrote four letters to them asking for information about the case. Defendants never responded to the telephone messages or the letters.

14. In or about January of 2003, having never heard back from Defendants,

4

Plaintiff visited the Civil Clerk's Office in the Superior Court of the District of Columbia and asked to review her court file. Upon such review, Plaintiff determined that her case had been dismissed on December 12, 1996, for failure to file an affidavit evidencing service on the defendants within the time allowed by Superior Court Civil Rule 4(m).

15. By the time that Plaintiff learned of the dismissal, the statute of limitations period for litigation such as hers had long expired. Thus, Plaintiff was deprived of her cause of action against Robbins and Taylor.

16. The last information about the lawsuit against Robbins and Taylor which Plaintiff received from Defendants occurred in late 1996, when Defendant Szymanski advised Plaintiff by telephone that both defendants had been served with process. Thereafter, Plaintiff's questions about the status of the case were never answered.

## CAUSE OF ACTION

17. Defendants, having agreed to be retained as her attorneys by Plaintiff in connection with her lawsuit against Robbins and Taylor, had a duty to use that degree of care reasonably expected of other legal professionals with similar skills acting under the same or similar circumstances.

18. Defendants breached their said duty of care by failing to file an affidavit evidencing service on the defendants within the time allowed by Superior Court Civil Rule 4(m); by failing to take reasonable steps to reinstate the lawsuit as provided by the Civil Rules of the Superior Court of the District of Columbia; by failing to file a new

5

lawsuit before expiration of the applicable statute of limitations period; and by failing to notify Plaintiff that her case had been dismissed in time for her to refile it.

19. As a direct and proximate result of Defendants' breaches of the standard of care, as aforesaid, Plaintiff has suffered substantial and permanent damages, including but not limited to the loss of her valuable claims against Robbins and Taylor and severe psychological and emotional distress.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for legal malpractice in the amount of at least One Million Five Hundred Thousand Dollars ($1,500,000), plus her costs and reasonable attorneys' fees.

Respectfully submitted,

MARTHA J. LOCKWOOD
Plaintiff
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: _____
Christopher G. Hoge #203257

Attorneys for Plaintiff
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

6

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues of fact raised herein.

Christopher G. Hoge

cgh/snap/civ
lockwoodcpl.wpd