**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRIC OF COLUMBIA**

| | | |
|---|---|---|
| **AMERICAN GUARANTEE AND LIBAILITY INSURANCE COMPANY** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.: 05-01958** |
| **BAPTISTE & WILDER, P.C., et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Baptiste & Wilder, P.C., Robert M. Baptiste, and Patrick J. Szymanski, and each of them, for their Answer to the Complaint herein, allege upon information and belief as follows:

1. The allegations in paragraph no. 1 of the Complaint are introductory verbiage and require no response; to the extent a response is deemed required admit only that this purports to be a declaratory judgment action, and further aver that the pleadings speak for themselves, and deny each and every remaining allegation in paragraph no. 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph no. 2 of the Complaint.

3. Admit the allegations of paragraph no. 3 of the Complaint, except state that the name of the law firm is "Baptiste & Wilder, P.C.".

4. Admit the allegations of the first sentence of paragraph no. 4 of the Complaint, except state that the allegation that Mr. Baptiste is "an individual attorney" is

vague and ambiguous, so that defendants are without knowledge or information sufficient to form a belief as to such allegation. State that the allegations in the second sentence of paragraph no. 4 of the Complaint are conclusions of law as to which no response is required; to the extent a response is deemed required, do not contest personal jurisdiction over Robert M. Baptiste in this Court, except to the extent that the same may be impaired by the absence of subject matter jurisdiction, and do not contest the laying of venue in this judicial district as to Robert M. Baptiste in connection with this action.

5. Admit the allegations of the first sentence of paragraph no. 5 of the Complaint, except (i) state that Mr. Szymanski's name is spelled "Szymanski" and not "Szymanksi"; (ii) deny that Mr. Szymanski's business address is 1150 Connecticut Avenue, N.W., Suite 500, Washington, DC, 20036; and (iii) state that the allegation that Mr. Szymanski is "an individual attorney" is vague and ambiguous, so that defendants are without knowledge or information sufficient to form a belief as to such allegation. State that the allegations in the second sentence of paragraph no. 5 of the Complaint are conclusions of law as to which no response is required; to the extent a response is deemed required, do not contest personal jurisdiction over Patrick J. Szymanski in this Court, except to the extent that the same may be impaired by the absence of subject matter jurisdiction, and do not contest the laying of venue in this judicial district as to Patrick J. Szymanski in connection with this action.

6. State that the allegations in paragraph no. 6 of the Complaint are conclusions of law as to which no response is required; to the extent a response is deemed required, deny that this Court has subject matter jurisdiction over this action.

7. State that the allegations in paragraph no. 7 of the Complaint are conclusions of law as to which no response is required; to the extent a response is deemed required, deny that this Court has subject matter jurisdiction over this action.

8. State that the allegations in paragraph no. 8 of the Complaint are conclusions of law as to which no response is required; to the extent a response is deemed required, do not contest the laying of venue in this action in this judicial district.

9. Deny knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph no. 9 of the Complaint. Deny knowledge or information sufficient to form a belief as to the allegations of the second sentence of paragraph 9 of the Complaint, and refer to the original of the referenced Underlying Complaint for the provisions and content thereof. Further aver that defendants herein, and each of them, are due a defense and indemnity under the policy of insurance at issue herein (the "Policy") with regard to the underlying claim of Martha J. Lockwood (the "Claim") and the Underlying Complaint, among other things.

10. Refer to the original of the referenced Underlying Complaint for the provisions and content thereof, admit that Baptiste & Wilder P.C. were counsel to Claimant Martha J. Lockwood in connection with certain matters, deny the characterization of such matters in paragraph no. 10 of the Complaint, and deny each and every remaining allegation in paragraph no. 10 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

11. With regard to the allegations in paragraph no. 11 of the Complaint, admit only that Baptiste & Wilder P.C. were counsel to Claimant Martha J. Lockwood in

connection with certain matters, but deny the characterization of such matters in paragraph no. 11 of the Complaint, and deny each and every remaining allegation in paragraph no. 11 of the Complaint. . Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the “Claim” and the Underlying Complaint, among other things.

12. With regard to the allegations in paragraph no. 12 of the Complaint, admit only that Baptiste & Wilder P.C. were counsel to Claimant Martha J. Lockwood in connection with certain matters, but deny the characterization of such matters in paragraph no. 12 of the Complaint, refer to the originals of the pleadings and papers in the referenced action for the provisions and content thereof, and deny each and every remaining allegation in paragraph no. 12 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the “Claim” and the Underlying Complaint, among other things.

13. With regard to the allegations in paragraph no. 13 of the Complaint, refer to the original of the Underlying Complaint for the provisions and content therof, deny the characterization thereof in paragraph no. 13 of the Complaint, and deny each and every remaining allegation in paragraph no. 13 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the “Claim” and the Underlying Complaint, among other things.

14. To the extent the allegations in paragraph no. 14 of the Complaint refer or relate to the Underlying Complaint, refer to the original of the same for the provisions and content thereof, and deny the characterization thereof in paragraph no. 14 of the Complaint. Deny each and every remaining allegation in paragraph no. 14 of the

Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

15. As to the allegations in paragraph no. 15 of the Complaint, admit only that Martha Lockwood sent one letter to one of the defendants in January 2002, deny that defendants took no action in response to the same, and deny each and every remaining allegation in paragraph no. 15 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

16. Deny knowledge or information concerning the allegations in the first and second sentence of paragraph no. 16 of the Complaint to the extent they concern persons or parties other than defendants, or any of them. Deny each and every allegation in the first and second sentence of paragraph no. 16 of the Complaint to the extent they concern defendants or any of them. State that the allegation contained in the third sentence of paragraph no. 16 of the Complaint is a legal conclusion and requires no response; to the extent a response is deemed required, deny each and every allegation. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

17. With regard to the allegations in paragraph no. 17 of the Complaint, refer to the original of the Underlying Complaint for the provisions and content thereof, and deny the characterization thereof in paragraph no. 17 of the Complaint and, pleading further, deny any liability or responsibility to the plaintiff in such action with regard to any

of the matters that are the subject of the Underlying Complaint, or the Claim, or either of them, or otherwise. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

18. With regard to the allegations in paragraph no. 18 of the Complaint, admit that plaintiff herein issued its Lawyers Professional Liability Policy No. LPL4907012-1 (defined above as the "Policy") on the terms and according to the provisions set forth in such Policy, refer to the original of such Policy for the terms and provisions thereof, and deny the characterization of the same in paragraph no. 18 of the Complaint. Deny knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph no. 18 of the Complaint, and again refer to the original of such Policy for the terms and provisions thereof. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

19. Admit the allegations in paragraph no. 19 of the Complaint and further aver that they are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

20, Admit the allegations in paragraph no. 20 of the Compliant, except deny that the attempted reservation of rights by plaintiff herein is effective, and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

21. Admit the allegations in paragraph no. 21 of the Complaint, except deny that any controversy that exists between plaintiff and defendants herein is ripe for

adjudication in this action or otherwise. Further aver that this Court is not the appropriate forum for resolution of the controversy between plaintiff and defendants herein because an action involving the issues as to which coverage is sought and due under the Policy is pending in the Superior Court for the District of Columbia, and all issues relating to such matters should be determined in that suit and that Court, rather than through multiplication of litigation.

22. Incorporate, repeat and reallege each of the foregoing paragraphs of this Answer as if fully set forth.

23. Deny each and every allegation in paragraph no. 23 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

24. With regard to the allegations in paragraph no. 24 of the Complaint, refer to the original of the Policy for the terms and provisions thereof and deny the characterization of the same in paragraph no. 24 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

25. With regard to the allegations in paragraph no. 25 of the Complaint, refer to the original of the Policy and other referenced documents for the respective terms and provisions thereof, deny the characterization of the same in paragraph no. 25 of the Complaint, and deny that any dismissal of the Underlying Complaint was or should have been notice to Defendants of anything, deny receipt of notice of any such dismissal, and deny each and every remaining allegation in paragraph no. 25 of the Complaint. .

Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

26. With regard to the allegations in the first sentence of paragraph no. 26 of the Complaint, refer to the originals of the referenced documents and alleged communications for the content thereof, and deny the characterization thereof in paragraph no. 26 of the Complaint. Deny each and every allegation in the second sentence of paragraph no. 26 of the Complaint. Deny knowledge or information sufficient to form a belief regarding the allegations of the third sentence of paragraph no. 26 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

27. Deny each and every allegation in paragraph no. 27 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

28. Deny each and every allegation in the first sentence of paragraph no. 28 of the Complaint to the extent the same concern the defendants or any of them. Deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph no. 28 of the Complaint to the extent the same concern persons or parties other than defendants. Deny each and every remaining allegation in paragraph no. 28 of the Complaint. Further aver that defendants herein, and each of

them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

29. Deny each and every allegation in paragraph no. 29 of the Complaint, and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

30. With regard to the allegations in paragraph no. 30 of the Complaint, refer to the original of the Policy, including all endorsements, for the terms and provisions thereof, and deny the characterization thereof in paragraph no. 30 of the Complaint. Further aver that Mr. Szymanski is affirmatively covered under provisions of the Policy not cited by Plaintiff. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

31. With regard to the allegations in paragraph no. 31 of the Complaint, refer to the original of the Underlying Complaint for the terms and contents thereof. Further aver that Mr. Szymanski is affirmatively covered under provisions of the Policy not cited by Plaintiff. . Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

32. Deny each and every allegation in paragraph no. 32 of the Complaint, and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

33. Incorporate, repeat and reallege each of the foregoing paragraphs of this Answer as if fully set forth.

34. With regard to the allegations of paragraph no. 34 of the Complaint, refer to the original of the Policy for the terms and provisions thereof, deny the characterization thereof in paragraph no. 34 of the Complaint, deny the allegation that "American Guarantee has no obligation to indemnify the Insureds in connection with the Claim," and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

35. State that the allegations in paragraph no. 35 of the Complaint constitute mere introductory verbiage that does not require a response; to the extent a response is deemed required, deny each and every allegation and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

36. With regard to the allegations in paragraph no. 36 of the Complaint, refer to the originals of the Policy and the Underlying Complaint for the terms, provisions and content thereof, deny the characterization of the same in paragraph no. 36 of the Complaint, and further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the Claim and the Underlying Complaint, among other things.

37. With regard to the allegations in the first sentence of paragraph no. 37 of the Complaint, refer to the original of the Underlying Complaint for the provisions and content thereof, and deny the characterization of the same in paragraph no. 37 of the

Complaint. Deny each and every allegation in the second sentence of paragraph no. 37 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

38. Deny each and every allegation in paragraph no. 38 of the Complaint. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the "Claim" and the Underlying Complaint, among other things.

39. Deny each and every allegation not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense (Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense (Declaratory Judgment Not Appropriate)**

The matters that are the subject of the Complaint are not a proper subject of declaratory relief.

**Third Affirmative Defense -- (Lack of Jurisdiction)**

This Court lacks subject matter jurisdiction over this action.

**Fourth Affirmative Defense (Abstention)**

There is pending in the Superior Court of the District of Columbia an action referred to in the Complaint as the "Underlying Complaint," which action involves and/or is related to certain alleged disputes which are invoked and/or referred to in the Complaint as the basis for the instant action; accordingly, this action is not a proper subject for the exercise of federal jurisdiction, and this Court should abstain from the

exercise of the same and either dismiss or stay this action pending resolution of the action in the Superior Court of the District of Columbia.

. Further aver that defendants herein, and each of them, are due a defense and indemnity under the Policy with regard to the “Claim” and the Underlying Complaint, among other things.

**Fifth Affirmative Defense (Failure to Join Party Required for Just Adjudication/Inability to Afford Complete Relief)**

Plaintiff has failed to join one or more parties required for the just adjudication of this action and/or to afford complete relief as between all interested and affected parties.

**Sixth Affirmative Defense (Detrimental Reliance)**

Defendants, and each of them, relied upon, *inter alia,* the promises and undertakings of the plaintiff and/or its agents and/or its brokers, and changed their position based upon such reliance so that it would be unjust for plaintiffs now to be allowed to avoid responsibility.

**Seventh Affirmative Defense** (**Waiver/Estoppel/Excuse of Performance)**

Plaintiffs have waived the matters that are the subject of the Complaint, or in the alternative are estopped from asserting the same, or in the alternative have excused performance by the defendants with respect thereto, so that the plaintiffs should be afforded no relief pursuant to the Complaint or otherwise.

**Eighth Affirmative Defense (Failure to Fulfill Condition Precedent/Ripeness)**

Plaintiff has failed to fulfill conditions precedent to the matters that are the subject of the Complaint and/or in the alternative the matters that are the subject of the Complaint are not ripe for adjudication.

**Ninth Affirmative Defense (Frustration of Purpose)**

To allow the plaintiff to recover under the Complaint would frustrate the purpose of the Policy and should not be permitted.

**Tenth Affirmative Defense (Good Faith and Fair Dealing)**

Plaintiff owes defendants, *inter alia,* a duty of good faith and fair dealing, and has breached the same by, among other things, attempting to avoid its obligations under the Policy and otherwise to defend and indemnify the defendants with regard to the matters that are the subject of the Complaint and the Underlying Complaint.

*** * ***

WHEREFORE, Defendants, and each of them pray:

1. That the Court deny entry of a declaratory judgment in favor of Plaintiff, or in the alternative that it enter such a judgment in favor of Defendants, and each of them, that Plaintiff otherwise have and recover nothing by way of its Complaint, and that the Complaint be dismissed with prejudice as to each of the defendants, and as to all of them;
2. For their costs, attorneys' fees, and reasonable expenses in the defense of this action; and
3. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants, and each of them, hereby demand trial by jury as to all claims, counts, actions, causes of action and issues so triable.

Respectfully submitted,

/s/

Judah Lifschitz, Esq., 963330
Richard Karpinski, Esq., 393412
SHAPIRO, LIFSCHITZ AND SCHRAM, P.C.
1742 N Street, N.W.
Washington, D.C. 20036
(202) 689-1900 (telephone)
(202) 689-1901 (facsimile)

Counsel for Defendants Baptiste & Wilder, P.C., Robert M. Baptiste & Patrick J. Szymanski

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 16th day of November, 2005, the foregoing was served via the Court's electronic filing system upon the following:

William J. Carter
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

/s/
Richard Karpinski